IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REGINALD EDWARDS,** | ) |
| | ) |
| Plaintiff, | )   1:18-cv-8198 |
| | ) |
| v. | ) |
| | ) |
| **FIRST ADVANTAGE BACKGROUND** | ) |
| **SERVICES CORP.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, REGINALD EDWARDS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against FIRST ADVANTAGE BACKGROUND SERVICES CORP., the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. REGINALD EDWARDS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Country Club Hills, County of Cook, State of Illinois.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE BACKGROUND SERVICES CORP., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as a corporation in the State of Illinois and has its principal place of business located at Concourse Pkwy NE, Suite 200, Atlanta, GA 30328

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

2

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. On or about November 1, 2018, Plaintiff applied for a position of employment with WALMART.

18. Subsequent to submitting his application of employment to WALMART, Plaintiff had an interview with a representative from WALMART.

19. On or about November 1, 2018, subsequent to Plaintiff's interview with WALMART, WALMART offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

20. As part of its routine background check on its prospective employees, WALMART requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21. On or about November 7, 2018, Defendant prepared and sold a consumer report to WALMART, purportedly regarding the character and general reputation of Plaintiff.

22. The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of impersonating a police officer, a felony (hereinafter the "inaccurate information").

23. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties.

24. Plaintiff has never been arrested, tried or convicted of the felony offense that appeared in the background report prepared by Defendant.

25. Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Reginald Edwards, that he is not said individual, and that he has never been convicted of the offenses as reported by Defendant.

26. The report Defendant sold to WALMART specifically notes that Defendant only matched Plaintiff's last name, first name and date of birth, which resulted in the erroneous information being included in the report Defendant sold to WALMART, ostensibly pertaining to Plaintiff.

27. The putative criminal conviction that Defendant reported to WALMART as pertaining to Plaintiff had a case date of March 21, 2018 and a disposition date of October 8, 2018. Further, the disposition of the felony conviction was noted on the report Defendant sold to WALMART as "Guilty" and listed a sentence of "Department of Corrections 2 Years."

28. Effectively, Defendant reported to WALMART that Plaintiff had been convicted of a felony that resulted in his incarceration concurrent with the timeframe that Plaintiff had applied for employment with WALMART.

29. Even a cursory review of the information that Defendant was reporting to WALMART ostensibly about Plaintiff would have revealed the implausibility of the putative criminal history as pertaining to Plaintiff.

30. Notwithstanding this patent inconsistency, and notwithstanding its obligations under the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information it reports about individuals, Defendant falsely reported to Plaintiff's potential employer that Plaintiff was a convicted felon.

31. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

32. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

33. As of the result of the inaccurate information reported by Defendant to WALMART, Plaintiff was not immediately offered the position of employment.

34. Plaintiff disputed the inaccurate information

35. On November 8, 2018, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

36. Only after Plaintiff having submitted a dispute to Defendant did Defendant fulfil its obligations and report accurate information to WALMART, which reflected that Plaintiff was not guilty of any crimes.

37. The delay in reporting accurate information to WALMART caused Plaintiff financial harm and considerable emotional distress.

38. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to WALMART and other unknown third parties.

39. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

40. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

41. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

42. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REGINALD EDWARDS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00;

6

    c.     Punitive damages;

    d.     Plaintiff's attorneys' fees and costs; and,

    e.     Any other relief deemed appropriate by this Honorable Court.

                                                Respectfully submitted,
                                                **REGINALD EDWARDS**

                                      By:    s/ David M. Marco
                                                    Attorney for Plaintiff

Dated: December 13, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:         dmarco@smithmarco.com